# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| In the Matter of the Search of<br><br>*For the Parcels in the Custody of the United States Postal Inspection Service, at 5450 Guardian Way, Chino, CA 91710, as described in Attachments A-1 through A-4.* | )<br>)<br>)<br>)  Case No. 8:20-MJ-00500<br>)<br>)<br>)<br>)<br>) |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

*See Attachments A1- A4*

located in the Central District of California, there is now concealed *(identify the person or describe the property to be seized)*:

*See Attachment B*

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☒ evidence of a crime;

☒ contraband, fruits of crime, or other items illegally possessed;

☒ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § § 841(a)(1); 843(b) | See Attachment B |

The application is based on these facts:

*See attached Affidavit*

☒ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days*: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Anthony Semenza, TFO, USPIS
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: _____

_____
*Judge's signature*

City and state: <u>Santa Ana, CA</u>

Hon. John D. Early, U.S. Magistrate Judge
*Printed name and title*

AUSA: R. Adams, x 3590

**AFFIDAVIT**

I, Anthony Semenza, being duly sworn, declare and state as follows:

**I.   INTRODUCTION**

1.   I am a Task Force Officer ("TFO") with the United States Postal Inspection Service ("USPIS"), and have been so employed since April 2019.  I am currently assigned as a Task Force Officer to the office of the Los Angeles Division ("LAD"), Narcotics South Team ("NST").  At the NST, I am assigned to the PIPE Task Force.  As such, I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7); that is, an officer of the United States empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.  Prior to being assigned as a TFO with the USPIS, I worked patrol as a full-time sworn law enforcement officer with the Chino Police Department ("CPD").  I have been a sworn law enforcement officer since December 2011.  I am a Police Officer within the meaning of Section 830.1 of the California Penal Code.

2.   I have received training and have experience investigating violations of state and federal narcotics and money laundering laws, including, but not limited to Title 21, United States Code, Sections 841, 846, 952, 959 and 963 and Title 18, United States Code, Section 1956(a).  I have been involved in various electronic surveillance methods including state and federal wiretap investigations, the debriefing of

informants and witnesses, as well as others who have knowledge of the manufacturing, distribution, transportation, storage, and importation of controlled substances and the laundering of drug proceeds.

3.     I have participated in many aspects of drug investigations, including investigations into the smuggling of illegal drugs, money laundering, and extortion related to drug trafficking.  I am familiar with narcotics traffickers' methods of operation, including the manufacturing, storage, transportation, and distribution of narcotics, the collection of money that represents the proceeds of narcotics trafficking, and money laundering.  I am also familiar with the manner in which narcotics traffickers transport and distribute narcotics in areas they control.  I am familiar with how drug traffickers utilize counter-surveillance techniques to avoid detection by law enforcement.  I also know that drug traffickers often communicate with their drug-trafficking associates through the use of cellular telephones.  I have become aware that more sophisticated drug trafficking networks now utilize the dark web, e-mail, Blackberry devices, Voice over Internet Protocol, video chat, internet messaging services, and social networking sites to communicate with one another.  During drug-related communications, traffickers often use coded or cryptic language to disguise the drug-related nature of their conversations.

## II. <u>PURPOSE OF AFFIDAVIT</u>

4.     This affidavit is made in support of a search warrant for SUBJECT PARCEL 1, SUBJECT PARCEL 2, SUBJECT PARCEL 3 and

SUBJECT PARCEL 4 described below in paragraph 6 and Attachments A-1, A-2, A-3 and A-4, for the items listed in paragraph 7 and Attachment B.  The items to be seized constitute the fruits, instrumentalities, and evidence of violations of Title 21, United States Code, Sections 841(a)(1) (Possession with Intent to Distribute a Controlled Substance) and 843(b) (Unlawful Use of a Communication Facility (including the mails) to Facilitate the Distribution of a Controlled Substance).

5.     The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not purport to set forth all of my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

### III. PARCELS TO BE SEARCHED

6.     This affidavit is made in support of an application for a search warrant for the following United States Postal Service ("USPS") Priority Mail parcels (hereinafter referred to collectively as the "SUBJECT PARCELS"):

a.     SUBJECT PARCEL 1 is United States Postal Service Priority Mail parcel bearing tracking number 9505506621360205301102.  SUBJECT PARCEL 1 is a large brown USPS Priority Mail mailing envelope.  SUBJECT PARCEL 1 is addressed

to "Gerard Bun, 2168 S. Atlantic Blvd., PMB# 351, Monterey Park,
CA 91754-6839".  The return address listed on SUBJECT PARCEL 1
is "Jonathan Sanchez, 222 Loch Low Dr., Sanford, FL".  SUBJECT
PARCEL 1 was postmarked on July 23, 2020 in the 32746 zip code.

      b.   SUBJECT PARCEL 2 is United States Postal Service
Priority Mail parcel bearing tracking number
9505514839010202182557.  SUBJECT PARCEL 2 is a USPS Priority
Mail medium flat rate box.  SUBJECT PARCEL 2 is addressed to
"Gerard Bun, 2168 S. Atlantic Blvd., PMB# 351, Monterey Park, CA
91754".  The return address listed on SUBJECT PARCEL 2 is
"Tyrese Trice, 16 Gladhill Cove, Jackson, TN 38305".  SUBJECT
PARCEL 2 was postmarked on July 20, 2020 in the 38301 zip code.

      c.   SUBJECT PARCEL 3 is United States Postal Service
Priority Mail parcel bearing tracking number
9505510696920202448296.  SUBJECT PARCEL 3 is a white USPS
Priority Mail shipping envelope.  SUBJECT PARCEL 3 is addressed
to "Gerard Bun, 2168 S. Atlantic Blvd., PMB# 351, Monterey Park,
CA 91754".  The return address listed on SUBJECT PARCEL 3 is
"Sharon Wint, 206 S. Lawrence St., Charlestown, WV 25414".
SUBJECT PARCEL 3 was postmarked on July 20, 2020 in the 25414
zip code.

      d.   SUBJECT PARCEL 4 is United States Postal Service
Priority Mail parcel bearing tracking number
9505511434930203615435.  SUBJECT PARCEL 4 is a USPS Priority

Mail large flat rate box.  SUBJECT PARCEL 4 is addressed to

"Gerard Bun, 2168 S. Atlantic Blvd., PMB# 351, Monterey Park, CA

91754".  The return address listed on SUBJECT PARCEL 4 is

"Michael Andrews, 6231 Tudor Ln., Loves Park, IL 61111".  The

SUBJECT PARCEL was postmarked on July 21, 2020 in the 61111 zip

code.

### IV. <u>ITEMS TO BE SEIZED</u>

7.   The items to be seized from the SUBJECT PARCELS

constitute fruits, instrumentalities, and evidence of violations

of Title 21, United States Code, Sections 841(a)(1) (Possession

with Intent to Distribute a Controlled Substance) and 843(b)

(Unlawful Use of a Communication Facility (including the mails)

to Facilitate the Distribution of a Controlled Substance).  The

items to be seized are identified in Attachment B and are

incorporated herein by reference.

### V.  <u>STATEMENT OF PROBABLE CAUSE</u>

**A.   Background**

8.   As described in detail below, the SUBJECT PARCELS are

inbound parcels to Monterey Park, CA from multiple states across

the United State and were selected for investigation because

they met certain criteria common to packages containing

contraband.  The SUBJECT PARCELS are believed to contain

controlled substances or the proceeds from the trafficking of

controlled substances based on, among other things, positive

alerts by a trained narcotics-detection canine

9.   Based on my training and discussions with experienced Postal Inspectors, I know that Postal Inspectors have been conducting investigations of drug trafficking via USPS Express Mail and Priority Mail since the mid-1980s.  In particular, they began conducting organized interdictions of Express Mail and Priority Mail parcels suspected of containing controlled substances and proceeds from the sale of controlled substances in Los Angeles, California, in the early 1990s.  Along with conducting organized interdictions, Postal Inspectors also regularly examine and investigate Express Mail and Priority Mail parcels throughout the year.  During the 1990s, Postal Inspectors observed that the trend was for drug traffickers to send controlled substances and proceeds from the sale of controlled substances using boxes, with the proceeds in the form of cash.  Although Postal Inspectors still see the use of boxes for controlled substances and cash, there has been a gradual change over the years toward the current trend of smaller boxes, flat cardboard envelopes, and Tyvek envelopes, with proceeds from the sale of controlled substances converted to money orders.  By using money orders, drug traffickers are able to send large dollar amounts in compact form, using much smaller conveyances that lend a sense of legitimacy to the parcel.

10.  From my training, personal experience, and the collective experiences related to me by Postal Inspectors on my team who specialize in investigations relating to the mailing of controlled substances and drug proceeds, I am aware that the greater Los Angeles area is a major source area for controlled

substances.  As such, controlled substances are frequently transported from the greater Los Angeles area via the United States Mail, and the proceeds from the sale of the controlled substances are frequently returned to the greater Los Angeles area via the United States Mail.  These proceeds are generally in large amounts of money over $1,000.

11.  I also know based on my training and experience that drug traffickers will often use one of two USPS services: Priority Mail Express Service, which is the overnight/next day delivery mail service, and Priority Mail Service, which is the two-to-three day delivery mail service.  Drug traffickers use Priority Mail Express delivery services because of their speed, reliability, and the ability to track the package's progress to the intended delivery point.  Drug traffickers often use Priority Mail delivery services because they allow drug traffickers more time for travel between states if they are following their shipments to their destinations for distribution.  Like Priority Mail Express, Priority Mail also allows drug traffickers to track the package's progress to the intended delivery point.

12.  Based on information derived and built upon over many years, I, like other Postal Inspectors, initially look for certain characteristics when examining Priority Mail Express and Priority Mail for controlled substances or drug proceeds.  These characteristics include:

a.  The article is contained in a box, flat cardboard mailer, or Tyvek envelope;

      b.   The article bears a handwritten label; and/or

      c.   The handwritten label on the article does not contain a business account number.

13.  Parcels found to meet these characteristics are scrutinized by Postal Inspectors through further investigation, which may include return and addressee address verifications and trained narcotics-detecting canine examination.  Postal Inspectors will also look for additional drug or drug proceed parcel characteristics such as:

      a.   The seams of the article are all taped or glued shut;

      b.   The article emits the odor of a cleaning agent, adhesive, or spray foam, detectable by a human; and/or

      c.   Multiple articles are mailed by the same individual, on the same day, from different locations.

14.  Based on my training and experiences and information learned during discussions with other Postal Inspectors, I know that drug traffickers often use fictitious or incomplete names and/or addresses in an effort to conceal their identity from law enforcement.  Indeed, it is my experience that when real addresses are used, it is only to lend a legitimate appearance to the parcel and is almost always paired with a false name.

**B.   Initial Investigation**

15.  In or around late July 2020, the SUBJECT PARCELS, with an origin of the USPS City of Industry Processing and Distribution Center, were identified as having a destination of a post office box in a business located at 2168 S. Atlantic

Blvd., Monterey Park, CA 91754, that was associated with an ongoing criminal investigation of a suspected narcotics distributor.  The post office box had previously been used to receive the proceeds of narcotics distribution.  United States Postal Inspector J. Boyd ("Inspector Boyd"), the case agent for the ongoing criminal investigation, arranged with the Post Office Supervisor at the Monterey Park Post Office to hold all parcels being sent to that specific post office box.

16.  Inspector Boyd requested that I investigate the SUBJECT PARCELS in-person and to seize them if they met the characteristics identified in paragraph 12.

17.  On July 27, 2020, I examined the SUBJECT PARCELS, I found they were each consistent with the size, shape, and appearance of parcels previously identified in other investigations that contained controlled substances or drug proceeds.  Due to the physical appearance of the SUBJECT PARCELS, I seized them to investigate them further.

**C.   Investigation Regarding the SUBJECT PARCELS**

18.  On August 5, 2020, I conducted an ACCURINT[1] database check using the sender information listed on SUBJECT PARCEL 1 of "Jonathan Sanchez, 222 Loch Low Dr., Sanford, FL".  The check found Jonathan Sanchez to not be associated with the address. An ACCURINT check of the receiver information listed as "Gerard Bun, 2168 S. Atlantic Blvd. PMB #351, Monterey Park, CA 91754"

---

[1] ACCURINT is a public information database used by law enforcement that collects personal identifying information like names, addresses and telephone numbers

was also conducted.  The ACCURINT check found Gerard Bun to not be associated to the listed address.

19.  On August 5, 2020, I conducted an ACCURINT database check using the sender information listed on SUBJECT PARCEL 2 of "Tyrese Trice, 16 Gladhill Cove, Jackson, TN 38305".  The name Tyrese Trice was found to be associated with the listed address. The ACCURINT check also found criminal history for Tyrese Trice including possession of marijuana for sale.  An ACCURINT check of the receiver information listed as "Gerard Bun, 2168 S. Atlantic Blvd. PMB #351, Monterey Park, CA 91754" was also conducted.  The ACCURINT check found Gerard Bun to not be associated to the listed address.

20.  On August 5, 2020, I conducted an ACCURINT database check using the sender information listed on SUBJECT PARCEL 3 of "Sharon Wint, 206 S. Lawrence St., Charlestown, WV 25414".  The check found Sharon Wint to not be associated with the address. An ACCURINT check of the receiver information listed as "Gerard Bun, 2168 S. Atlantic Blvd. PMB #351, Monterey Park, CA 91754" was also conducted.  The ACCURINT check found Gerard Bun to not be associated to the listed address.

21.  On August 5, 2020, I conducted an ACCURINT database check using the sender information listed on SUBJECT PARCEL 4 of "Blake Rodgers, 4127 Maiden Down Rd., Marion, SC 29571".  The name Blake Rodgers was found to be associated with the listed address.  The ACCURINT check also showed criminal history for Blake Rodgers for an arrest for possession of marijuana.  An ACCURINT check of the receiver information listed as "Gerard

Bun, 2168 S. Atlantic Blvd. PMB #351, Monterey Park, CA 91754"
was also conducted.  The ACCURINT check found Gerard Bun to not
be associated to the listed address.

**D.    Positive Canine Alert on the SUBJECT PARCELS**

22.  On July 28, 2020, Chino Police Department Officer K-9
Officer Rowland and his narcotics-detection canine, "Kobra",
conducted an exterior examination of the SUBJECT PARCELS.
Officer Rowland informed me that Kobra gave a positive alert to
each of the SUBJECT PARCELS, indicating the presence of
controlled substances or other items that emitted the odor of
controlled substances, in the SUBJECT PARCELS.  Attached hereto
as Exhibit 1, which I incorporate fully herein by reference, are
documents setting forth information provided by Officer Rowland
regarding Kobra's training and history in detecting controlled
substances, and investigation of the SUBJECT PARCELS.

23.  The SUBJECT PARCELS currently in the custody of the
USPIS and secured at the Chino Police Department located at 5450
Guardian Way, Chino, California, 91710, pending a search of its
contents pursuant to obtaining a search warrant.

## VI. <u>CONCLUSION</u>

24.   Based on the above, I believe there is probable cause to believe that the SUBJECT PARCELS, described in Attachments A-1, A-2, A-3 and A-4, contain evidence, fruits and instrumentalities of violations of Title 21, United States Code, Sections 841(a)(1) (Possession with Intent to Distribute a Controlled Substance) and 843(b) (Unlawful Use of a Communication Facility (including the mails) to Facilitate the Distribution of a Controlled Substance), as described in Attachment B.


Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this ____ day of
August, 2020.


_____
HONORABLE JOHN D. EARLY
UNITED STATES MAGISTRATE JUDGE

## <u>ATTACHMENT A-1</u>

<u>PARCEL TO BE SEARCHED</u>

SUBJECT PARCEL 1 is a United States Postal Service Priority Mail parcel bearing tracking number 9505506621360205301102, which is a large brown USPS Priority Mail mailing envelope. SUBJECT PARCEL 1 is addressed to "Gerard Bun, 2168 S. Atlantic Blvd., PMB# 351, Monterey Park, CA 91754-6839". The return address listed on SUBJECT PARCEL 1 is "Jonathan Sanchez, 222 Loch Low Dr., Sanford, FL". SUBJECT PARCEL 1 was postmarked on July 23, 2020 in the 32746 zip code.

## <u>ATTACHMENT A-2</u>

<u>PARCEL TO BE SEARCHED</u>

SUBJECT PARCEL 2 is a United States Postal Service Priority Mail parcel bearing tracking number 9505514839010202182557, which is a USPS Priority Mail medium flat rate box.  SUBJECT PARCEL 2 is addressed to "Gerard Bun, 2168 S. Atlantic Blvd., PMB# 351, Monterey Park, CA 91754".  The return address listed on SUBJECT PARCEL 2 is "Tyrese Trice, 16 Gladhill Cove, Jackson, TN 38305".  SUBJECT PARCEL 2 was postmarked on July 20, 2020 in the 38301 zip code.

## ATTACHMENT A-3

PARCEL TO BE SEARCHED

SUBJECT PARCEL 3 is a United States Postal Service Priority Mail parcel bearing tracking number 9505510696920202448296, which is a white USPS Priority Mail shipping envelope.  SUBJECT PARCEL 3 is addressed to "Gerard Bun, 2168 S. Atlantic Blvd., PMB# 351, Monterey Park, CA 91754".  The return address listed on SUBJECT PARCEL 3 is "Sharon Wint, 206 S. Lawrence St., Charlestown, WV 25414".  SUBJECT PARCEL 3 was postmarked on July 20, 2020 in the 25414 zip code.

**ATTACHMENT A-4**

PARCEL TO BE SEARCHED

     SUBJECT PARCEL 4 is a United States Postal Service Priority Mail parcel bearing tracking number 9505511434930203615435, which is a USPS Priority Mail large flat rate box.  SUBJECT PARCEL 4 is addressed to "Gerard Bun, 2168 S. Atlantic Blvd., PMB# 351, Monterey Park, CA 91754".  The return address listed on SUBJECT PARCEL 4 is "Michael Andrews, 6231 Tudor Ln., Loves Park, IL 61111".  SUBJECT PARCEL 4 was postmarked on July 21, 2020 in the 61111 zip code.

## **ATTACHMENT B**

ITEMS TO BE SEIZED

    The following are the items to be seized from the SUBJECT PARCELS, which constitute the fruits, instrumentalities, and evidence of violations of Title 21, United States Code, Sections 841(a)(1) (Distribution and Possession with Intent to Distribute a Controlled Substance) and 843(b) (Unlawful Use of a Communication Facility (including the mails) to Facilitate the Distribution of a Controlled Substance):

    a.   Any controlled substances, including marijuana;

    b.   Currency, money orders, bank checks, or similar monetary instruments in aggregate quantities over $1,000; and

    c.   Any associated packaging.

# EXHIBIT 1

### AFFIDAVIT

### HANDLER BRENDAN ROWLAND AND K9 "KOBRA"

I, **Officer Brendan Rowland**, attended the Adlerhorst Police Dog Handler's Course in November 2017 where my PSD Kobra and I received 240 hours of instruction in basic police dog handling skills. We were certified in December 2017 as a patrol team. In July 2018, PSD Kobra and I attended the Adlerhorst Police Dog School Drug Detection Class. During that course, we received 240 hours of instruction in the detection of the odor of illegal drugs. In August 2018, PSD Kobra and I passed a certification test in the detection of the odor of illegal drugs. During that school, I personally observed PSD Kobra alert to the presence of the odor of illegal drugs. In September 2018, PSD Kobra and I were certified as a patrol team (patrol operations and drug detection) by the Los Angeles County Police Canine Association. I am familiar and knowledgeable in the behaviors that PSD Kobra engages in when she detects the presence of the odor of illegal drugs.

I have been a Police Officer since 2015 and have been present at hundreds of drug investigations during that time. I have received formal training from the San Bernardino County Sheriff's Department, Chino Police Department, and the Fullerton Police Department (DRE Program) on drug recognition and symptomology.

I do continual training with PSD Kobra on various hiding locations including vehicle, buildings, bags, parcels, and open areas. This training includes proofing PSD Kobra on novel odors such as plastic, boxes, latex, tape, metal, money (circulated and un-circulated), and food. I also proof PSD Kobra off my human odor. This training is on-going and continual.

On **07·28·2020**, **CPL. SEMENZA** asked that I and my drug detection K9 "Kobra" to assist in a narcotic parcel investigation. "Kobra" alerted to the presence of the odor of illegal drugs emitting from the following:

USPS parcel: **9505 5066 2136 0205 3011 02**

Addressed to: **GERARD BUN**
**2168 S. ATLANTIC BLVD #351** ~~PMB~~
**MONTEREY PARK CA 91754-6839**

K9 Officer Brendan Rowland #3636
Chino Police Department

## AFFIDAVIT

### HANDLER BRENDAN ROWLAND AND K9 "KOBRA"

I, **Officer Brendan Rowland**, attended the Adlerhorst Police Dog Handler's Course in November 2017 where my PSD Kobra and I received 240 hours of instruction in basic police dog handling skills. We were certified in December 2017 as a patrol team. In July 2018, PSD Kobra and I attended the Adlerhorst Police Dog School Drug Detection Class. During that course, we received 240 hours of instruction in the detection of the odor of illegal drugs. In August 2018, PSD Kobra and I passed a certification test in the detection of the odor of illegal drugs. During that school, I personally observed PSD Kobra alert to the presence of the odor of illegal drugs. In September 2018, PSD Kobra and I were certified as a patrol team (patrol operations and drug detection) by the Los Angeles County Police Canine Association. I am familiar and knowledgeable in the behaviors that PSD Kobra engages in when she detects the presence of the odor of illegal drugs.

I have been a Police Officer since 2015 and have been present at hundreds of drug investigations during that time. I have received formal training from the San Bernardino County Sheriff's Department, Chino Police Department, and the Fullerton Police Department (DRE Program) on drug recognition and symptomology.

I do continual training with PSD Kobra on various hiding locations including vehicle, buildings, bags, parcels, and open areas. This training includes proofing PSD Kobra on novel odors such as plastic, boxes, latex, tape, metal, money (circulated and un-circulated), and food. I also proof PSD Kobra off my human odor. This training is on-going and continual.

On _07·28·2020_, _CPL. SEMENZA_ asked that I and my drug detection K9 "Kobra" to assist in a narcotic parcel investigation. "Kobra" alerted to the presence of the odor of illegal drugs emitting from the following:

USPS parcel: _9505 5148 3901 0202 1825 57_

Addressed to: _GERARD BUN_
_2168 S. ATLANTIC BLVD PMB #351_
_MONTEREY PARK CA 91754_

_B\~w Rowl~d 3636_

K9 Officer Brendan Rowland #3636
Chino Police Department

AFFIDAVIT

HANDLER BRENDAN ROWLAND AND K9 "KOBRA"

I, **Officer Brendan Rowland**, attended the Adlerhorst Police Dog Handler's Course in November 2017 where my PSD Kobra and I received 240 hours of instruction in basic police dog handling skills. We were certified in December 2017 as a patrol team. In July 2018, PSD Kobra and I attended the Adlerhorst Police Dog School Drug Detection Class. During that course, we received 240 hours of instruction in the detection of the odor of illegal drugs. In August 2018, PSD Kobra and I passed a certification test in the detection of the odor of illegal drugs. During that school, I personally observed PSD Kobra alert to the presence of the odor of illegal drugs. In September 2018, PSD Kobra and I were certified as a patrol team (patrol operations and drug detection) by the Los Angeles County Police Canine Association. I am familiar and knowledgeable in the behaviors that PSD Kobra engages in when she detects the presence of the odor of illegal drugs.

I have been a Police Officer since 2015 and have been present at hundreds of drug investigations during that time. I have received formal training from the San Bernardino County Sheriff's Department, Chino Police Department, and the Fullerton Police Department (DRE Program) on drug recognition and symptomology.

I do continual training with PSD Kobra on various hiding locations including vehicle, buildings, bags, parcels, and open areas. This training includes proofing PSD Kobra on novel odors such as plastic, boxes, latex, tape, metal, money (circulated and un-circulated), and food. I also proof PSD Kobra off my human odor. This training is on-going and continual.

On _07.28.2020_, _CPL. SEMENZA_ asked that I and my drug detection K9 "Kobra" to assist in a narcotic parcel investigation. "Kobra" alerted to the presence of the odor of illegal drugs emitting from the following:

USPS parcel: _9505 5706 9692 0202 4482 96_

Addressed to: _GERARD BUN_
_2168 S. ATLANTIC BLVD PMB #351_
_MONTERY PARK CA 91754_

_Bn Van Rowland 3636_
K9 Officer Brendan Rowland #3636
Chino Police Department

AFFIDAVIT

HANDLER BRENDAN ROWLAND AND K9 "KOBRA"

**I, Officer Brendan Rowland,** attended the Adlerhorst Police Dog Handler's Course in November 2017 where my PSD Kobra and I received 240 hours of instruction in basic police dog handling skills. We were certified in December 2017 as a patrol team. In July 2018, PSD Kobra and I attended the Adlerhorst Police Dog School Drug Detection Class. During that course, we received 240 hours of instruction in the detection of the odor of illegal drugs. In August 2018, PSD Kobra and I passed a certification test in the detection of the odor of illegal drugs. During that school, I personally observed PSD Kobra alert to the presence of the odor of illegal drugs. In September 2018, PSD Kobra and I were certified as a patrol team (patrol operations and drug detection) by the Los Angeles County Police Canine Association. I am familiar and knowledgeable in the behaviors that PSD Kobra engages in when she detects the presence of the odor of illegal drugs.

I have been a Police Officer since 2015 and have been present at hundreds of drug investigations during that time. I have received formal training from the San Bernardino County Sheriff's Department, Chino Police Department, and the Fullerton Police Department (DRE Program) on drug recognition and symptomology.

I do continual training with PSD Kobra on various hiding locations including vehicle, buildings, bags, parcels, and open areas. This training includes proofing PSD Kobra on novel odors such as plastic, boxes, latex, tape, metal, money (circulated and un-circulated), and food. I also proof PSD Kobra off my human odor. This training is on-going and continual.

On _07 28 2020_, _CPL SEMENZA_ asked that I and my drug detection K9 "Kobra" to assist in a narcotic parcel investigation. "Kobra" alerted to the presence of the odor of illegal drugs emitting from the following:

USPS parcel: _9505 5114 3493 0203 6154 35_

Addressed to: _GERARD BUN_

_2168 S. ATLANTIC BLVD #351_
_PMB_
_MONTEREY PARK CA 91754_

_Brian Rowland 3636_
K9 Officer Brendan Rowland #3636
Chino Police Department